**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 03, 2006, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

**Dated: November 03, 2006**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-91983 |
| | ) | |
| MABLE WILSON, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | |
| BRIAN A. BASH, TRUSTEE, | ) | Adversary Proceeding No. 06-1149 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| MABLE WILSON, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION

Before the Court is the trustee's motion for summary judgment. At issue is whether the debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2), (4), or (5). For the reasons that follow, the trustee's motion for summary judgment is denied.

## JURISDICTION

Objections to discharge are core proceedings under 28 U.S.C. § 157(b)(2)(J). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## BACKGROUND

On October 13, 2005, the debtor, Mable Wilson, filed a voluntary Chapter 7 bankruptcy case. Her petition, schedules, and statements, filed on that date, did not list any interests in real property, did not list any payments to creditors within 90 days preceding the filing or to insiders within the year preceding the filing, and did not list any property held for another. The statements did indicate that the debtor had a checking account held with National City Bank, and that she had not closed any other bank accounts within the year preceding the filing.

On February 13, 2006, the Chapter 7 trustee filed a complaint seeking denial of the debtor's discharge under 11 U.S.C. § 727(a)(2), (3), (4), and (5). On September 12, 2006, the trustee moved for summary judgment under 11 U.S.C. § 727(a)(2), (4), and (5). On September 20, 2006, the debtor filed a memorandum in opposition to the trustee's motion, and on October 8, 2006, the trustee filed a reply.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Section 727 of the Bankruptcy Code[1] provides in pertinent part:

---

[1] This bankruptcy case was filed prior to October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (BAPCPA). Therefore, all references to the Bankruptcy Code are to the Bankruptcy Code as it existed prior to the effective date of

(a) The court shall grant the debtor a discharge, unless —
. . . .
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed —
    (A) property of the debtor, within one year before the date of the filing of the petition; or
    (B) property of the estate, after the date of the filing of the petition;
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
(4) the debtor knowingly and fraudulently, in or in connection with the case —
    (A) made a false oath or account;
    . . . . [or]
(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

Bankruptcy Rule 4005 provides that the plaintiff has the burden of proving the objection. For objections to discharge under section 727, a preponderance of the evidence standard is applied. *See Barclays/Am. Bus. Credit, Inc. v. Adams* (*In re Adams*), 31 F.3d 389 (6th Cir. 1994).

*Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A)*

In order to prevail on a claim under § 727(a)(2)(A) the plaintiff must

---

BAPCPA.

establish "1) a disposition of property, such as concealment, and 2) 'a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.' " *Smith v. Keeney* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000), *quoting Hughes v. Lawson* (*In re Lawson*), 122 F.3d 1237, 1240 (9th Cir. 1997). Fraudulent intent may be established by circumstantial evidence, or by inferences drawn from the debtor's conduct. *See Keeney,* 227 F.3d at 684; *Adams*, 31 F.3d at 393.

The trustee seeks denial of discharge under 11 U.S.C. § 727(a)(2)(A) because he claims the debtor concealed her receipt of over $35,000 which was deposited into her mother's account, most of which he claims was withdrawn within the months preceding the debtor's bankruptcy petition. The trustee, however, has submitted no evidence which can be properly considered by the Court under Rule 56(c) – *i.e.*, pleadings, depositions, answers to interrogatories, admissions, or affidavits, including declarations under penalty of perjury. While the trustee is presumably free to incorporate by reference the pleadings as well as the debtor's statements and schedules filed under penalty of perjury in the main bankruptcy case, these filings, when viewed in a light most favorable to the debtor-defendant, fail to establish the absence of a genuine issue of material fact. Moreover, even if the Court were to treat the exhibits included with the trustee's

5

motion as proper evidence for purposes of summary judgment, such evidence, when viewed in a light most favorable to the debtor-defendant, would still fail to establish the absence of a genuine issue of material fact as to the debtor's subjective intent to hinder, delay, or defraud a creditor on the trustee's claim under 11 U.S.C. § 727(a)(2)(A).

*Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A)*

In *Keeney*, the Sixth Circuit established the elements required under 11 U.S.C. § 727(a)(4)(A).

> In order to deny a debtor discharge under this section, a plaintiff must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case.

*Keeney*, 227 F.3d at 685, *citing Beaubouef v. Beaubouef* (*In re Beaubouef*), 966 F.2d 174, 178 (5th Cir. 1992).

In this case, the trustee seeks denial of discharge for four allegedly false oaths: (1) the debtor's failure to list personal property on Schedule B; (2) her denial of payments to creditors within 90 days of the bankruptcy; (3) her denial of payments to insiders within a year before the bankruptcy; and (4) her statement that she did not hold any property for another.

The trustee provided no evidence to support his assertions which the Court

6

may properly consider under Rule 56(c). In addition, the trustee failed to provide any evidence, proper or not, indicating who Ms. Kee or Ms. Timpson are. Therefore, the Court cannot determine whether they are in fact insiders as defined in 11 U.S.C. § 101(31). The evidence, when viewed in a light most favorable to the debtor-defendant, fails to establish the absence of a genuine issue of material fact on the trustee's claim under 11 U.S.C. § 727(a)(4)(A).

*Denial of Discharge Under 11 U.S.C. § 727(a)(5)*

In order to prevail on a claim under 11 U.S.C. § 727(a)(5) the plaintiff must first prove the debtor had substantial and identifiable assets which are no longer available for creditors. *See Strzesynski v. Devaul* (*In re Devaul*), 318 B.R. 824, 839 (Bankr. N.D. Ohio 2004). Once the plaintiff has established a loss or diminution, the burden shifts to the debtor to provide a satisfactory explanation for the loss. *Devaul*, 318 B.R. at 839.

The trustee seeks denial of discharge under § 727(a)(5) because he alleges the debtor took out a $45,000 mortgage on her mother's property within the year preceding her bankruptcy, but failed to disclose the receipt of those funds on her bankruptcy petition. The debtor-defendant admits a mortgage was taken on her mother's property, but states the funds were used for her mother's debts and to make repairs on her mother's home. The evidence, when viewed in a light most

7

favorable to the debtor-defendant, fails to establish the absence of a genuine issue of material fact on the trustee's claim under 11 U.S.C. § 727(a)(5).  For example, a genuine issue of material fact exists as to whether the funds in question were ever assets of the debtor.

## CONCLUSION

For the reasons stated above, the trustee's motion for summary judgment is denied.

IT IS SO ORDERED.